# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JHARETT SMYTHE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   NO. 1:20-cv-00012 |
| YIZUMI-HPM CORPORATION, DIE CAST MACHINERY, LLC, NATIONAL RIGGING & TRANSPORTATION, LTD., and ABC CORPORATIONS 1-3, | )   JUDGE CAMPBELL )   MAGISTRATE JUDGE HOLMES ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 9). Defendant Die Cast Machinery filed a response in opposition (Doc. No. 13) and Plaintiff filed a reply (Doc. No. 14). The parties have also filed supplemental briefs on the issue of fraudulent joinder. (Doc. Nos. 22 and 26).

For the reasons stated below and in the Court's May 4, 2020 Order (Doc. No. 16), Plaintiff's Motion to Remand is **DENIED**.

## I.    BACKGROUND

According to the allegations in the First Amended Complaint, on June 29, 2018, Plaintiff was working at Walker Die Casting, Inc. ("Walker") when a die casting machine sprayed him with molten aluminum causing severe burns. (Doc. No. 22-2). Plaintiff alleges that Walker had experienced problems with the machine in the past and knew the machine was in an "unreasonably dangerous condition" and "knew that serious, permanent, and life-threatening injuries to anyone attempting to use the malfunctioning Machine were a substantial certainty." (*Id*. at ¶ 18).

Plaintiff filed the original complaint in this action in the Circuit Court for Marshall County, Tennessee, on April 5, 2019, against his employer Walker Die Casting, Inc., a Tennessee Corporation, and ABC Corporations 1-3. (*See* Compl., Doc. No. 22-1). On August 19, 2019, Plaintiff added Yizumi-HPM Corp., an Ohio corporation, as a defendant. (*See* First Am. Compl., Doc. No. 22-2). On December 4, 2019, the Circuit Court granted Walker's motion for summary judgment and dismissed Walker from the case, holding that Plaintiff's claims against Walker are barred by the exclusive remedy protections and provisions of Tenn. Code Ann. §§ 50-6-108(a) and 62-43-110(b).

On January 23, 2020, Plaintiff amended the Complaint again to add Die Cast Machinery, LLC, an Illinois limited liability company, as a defendant. Die Cast Machinery removed the case to this Court on February 25, 2020, and Plaintiff moved to remand. (Doc. No. 9). On May 26, 2019, Plaintiff amended the Complaint a third time to add National Rigging & Transportation, Ltd., a Canadian company, as a defendant.

## II.    ANALYSIS

As stated in the Court's Order of May 4, 2020 (Doc. No. 16), under the voluntary/involuntary rule, "[a] state court case that initially is non-removable cannot subsequently become removable ... unless a change occurs that makes it removable as a result of the plaintiff's voluntary act." *Southland Comm. Grp., Inc. v. Southland Title & Escrow*, No. 3:17-cv-13, 2017 WL 2452004, at * 3 (E.D. Tenn. Jun. 5, 2017) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281–82 (1918)). Fraudulent joinder is a well-established exception to the voluntary-involuntary rule. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Under the doctrine of fraudulent joinder, the relevant inquiry is whether the plaintiff had "at least a colorable cause of action" under state law against the non-diverse defendant. *Jackson v. Cooper Tire & Rubber Co.*,

57 F. Supp. 3d. 863, 867 (M.D. Tenn. 2014). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *See id.* (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "The non-moving party's actual motive for joining a non-diverse party is immaterial to the court's determination regarding fraudulent joinder." *Id.*

The Court held that the change that made the case removable was the involuntary dismissal of the non-diverse party (Walker) on summary judgment, and therefore the case was not removable unless the fraudulent joinder exception applied. The Court ordered the parties to brief the issue of fraudulent joinder. The parties have done so and the Court now considers only the question of whether the fraudulent joinder exception to the voluntary/involuntary rule applies.

"The burden of proving fraudulent joinder is on the removing party or parties." *Jackson*, 57 F. Supp. 3d. at 867. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. In deciding whether a defendant has been fraudulently joined, the Court "must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.* (internal quotation marks omitted).

Die Cast Machinery argues the claims against Walker fall within the fraudulent joinder exception because the claims against Walker were barred by the exclusive remedy provisions of the Tennessee Workers' Compensation Act and therefore, Plaintiff did not state a colorable cause of action against Walker. Plaintiff argues that, although the claims against Walker were ultimate dismissed, his claims were "colorable" because he argued that Walker's conduct fell within the exception for intentional torts committed by an employer. Plaintiff claims that he made the "same

3

argument in front of the Circuit Court of Marshall County, Tennessee [that was] made in front of the Supreme Court of Tennessee in *Valencia*: 'actual intent' should be broadly interpreted to include an employer's conduct that was 'substantially certain' to cause injury and death such as committing safety violations … and argued that Walker's conduct resulting in Plaintiff's injuries rose to a level that satisfies the requirement of 'actual intent to injure' under Tennessee law." (Pl. Supp. Br., Doc. No. 26 at 5).

In *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003), the Tennessee Supreme Court considered and rejected the very argument Plaintiff presented to the Circuit Court – that employer conduct "substantially certain" to cause death or injury falls with the intentional tort exception to the exclusive remedy provisions of the Tennessee Workers' Compensation Act. The *Valencia* court affirmed that the exclusivity exception applies only when the employer acts with "actual intent to injure the employee." *Id.* at 243 (citing *King v. Ross Coal Co.*, 684 S.W.2d 617, 620 (Tenn. Ct. App. 1984).

The Court considers whether, at the time Plaintiff filed the Complaint, there was a reasonable basis to predict that state law might impose liability. The allegations in the First Amended Complaint were that "Walker's conduct was reckless and exhibited a general disregard for the safety of its products' users and other consumers … Such reckless and willful disregard for safety constitutes a proximate, legal cause of Plaintiff's damages." (Doc. No. 22-2 at ¶ 33). Plaintiff also alleged that Walker was "substantially certain that use of the Machine posed a risk of serious, permanent, and life-threatening injuries to anyone using the Machine" and "knew or in the exercise of reasonable case should have known of the risks associated with the use and operation of the Machine." (*Id.* at ¶¶ 34, 37). Plaintiff concedes, both here and before the state court, that his claim against Walker does not fall within the intentional tort exception as articulated

4

by the Tennessee Supreme Court in *Valencia*. Plaintiff's claim against Walker could only be viable if the law were changed to "broaden the court's interpretation of the exception to the exclusivity provisions" of the Tennessee Workers' Compensation Act to include "reckless and willful disregard for employee safety." (*See* Doc. No. 26-3 at 4). Plaintiff provided no reason why the *Valencia* holding does not apply to his claims against Walker.

Construing all questions of law and fact in favor of Plaintiff, the Court finds that under *Valencia*, Plaintiff's allegations of reckless and willful disregard substantially certain to cause injury do not state a colorable cause of against Walker. Because Plaintiff did not state a colorable cause of action against Walker, Walker's citizenship will be disregarded when determining whether the Court has diversity jurisdiction. Considering only the remaining parties, the Defendants are completely diverse, and the Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand (Doc. No. 9) is **DENIED**. An appropriate Order will enter.

It is so **ORDERED**.

 _____
 WILLIAM L. CAMPBELL, JR.
 UNITED STATES DISTRICT JUDGE